DA 19-0494

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 66N

IN THE MATTER OF:

K.M.V. and D.R.V.,

      Youths in Need of Care.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause Nos. DN 17-14 and DN 17-15
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Katy Stack, Attorney at Law, Missoula, Montana

      For Appellee:

        Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

        William E. Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs: February 12, 2020

Decided: March 24, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 M.V. (Mother) appeals from the Findings of Fact, Conclusions of Law[,] and Order Terminating Parental Rights issued by the Twenty-First Judicial District Court, Ravalli County, on March 4, 2019. On appeal, Mother argues the District Court erred when it relied on her continued relationship with S.V. (Father) in terminating her parental rights to K.M.V. and D.R.V. (Children). She maintains, first, that her right to due process was violated because she was never given notice that she was required to separate from Father in order to reunify with Children and, second, that her treatment plan was not appropriate because it did not require her to separate from Father. She further challenges the District Court's findings that the conduct or condition rendering her unfit is unlikely to change within a reasonable time as unsupported by substantial evidence. She finally challenges the admission of hearsay testimony at the termination hearing.

¶3 On August 10, 2017, the Department of Public Health and Human Services, Child and Family Services Division (Department), removed Children from Mother and Father's home, following years of reported neglect, squalid living conditions, bruises on Children, and domestic violence in the home. On October 5, 2017, Mother stipulated to adjudication

of Children as Youths in Need of Care (YINC) and to temporary legal custody (TLC) by the Department. On October 18, 2017, the District Court issued its written order adjudicating Children as YINC and granting the Department TLC.

¶4 On November 30, 2017, the court approved a stipulated treatment plan for Mother which identified two conditions, resulting in the abuse and neglect of Children. First, Mother was unwilling or unable to perform parental duties and responsibilities, evidenced by Children's exposure to domestic violence, Mother's failure to provide for Children's hygiene and basic needs, her inability to recognize Children's emotional and cognitive needs, and her failure to recognize Children are in need of a higher level of care. Second, Mother participated in violent altercations with Father and did not apply basic safety measures to keep Children safe. The treatment plan required Mother to complete a parenting class; participate in monitored visitation; complete an anger management assessment and follow recommendations; participate in individual and family therapy and follow recommendations; complete a child-parent assessment and follow recommendations; complete a psychological evaluation and follow recommendations; register for Medicaid; and participate in family-based therapy and parent coaching prior to reunification. Mother largely completed the tasks laid out in the treatment plan but was terminated from parent-child interaction therapy shortly before the Department filed for termination.

¶5 On November 2, 2018, the Department petitioned for termination of Mother's parental rights. The termination hearing was held February 12, 2019. At the hearing,

3

Father's counsel represented that Father wished to relinquish his parental rights and then filed Father's written relinquishment on February 14, 2019. Because of Father's relinquishment, the Department only presented evidence against Mother. On March 4, 2019, the court issued its order terminating Mother's and Father's parental rights. The District Court found Children to have significant special needs and require exceptional skilled parenting.[1] The court found Mother failed to successfully complete her treatment plan and the conditions that led to child abuse and neglect had not been successfully corrected. The court held that although Mother completed a parenting class, participated in monitored visitation, completed an anger management assessment, participated in individual therapy and family therapy, and completed a parent-child assessment and psychological evaluation, Mother did not successfully complete any of her treatment plan tasks because she was not able to demonstrate an understanding and ability to effectively meet Children's needs or protect them from domestic violence. The court concluded the conduct or condition rendering Mother unfit to parent was unlikely to change in a reasonable time as evidenced by her "diagnosed personality profile" and her failure to complete her treatment plan.

---

[1] One child has been diagnosed with Autism Spectrum Disorder and receives services through school and attends individual therapy to address behavioral outbursts. The other child has been diagnosed with Reactive Attachment Disorder, Attention Deficit Hyperactivity Disorder, and Disruptive Mood Dysregulation Disorder and also receives services through school and attends individual therapy to address inappropriate behavior. Both suffer from enuresis and encopretic accidents.

¶6     We review a district court's order terminating parental rights for an abuse of discretion. *In re T.D.H.*, 2015 MT 244, ¶ 18, 380 Mont. 401, 356 P.3d 457.

¶7     A court may terminate parental rights when (1) a child had been adjudicated as a YINC; (2) an appropriate treatment plan approved by the court has not been complied with by the parent or has not been successful; and (3) the conduct or condition of the parent rendering him or her unfit is unlikely to change within a reasonable time.  Section 41-3-609(1)(f), MCA.  Each factor must be supported by clear and convincing evidence. Section 41-3-609(1), MCA.  A natural parent's right to the care and custody of a child is a fundamental liberty interest which courts must protect with fundamentally fair procedures at all stages of termination proceedings.  *In re C.J.*, 2010 MT 179, ¶ 26, 357 Mont. 219, 237 P.3d 1282.

¶8     Upon review of the record and the District Court's order terminating Mother's parental rights, we are unconvinced Mother's due process rights were violated or that her treatment plan was not appropriate.  We disagree that under the District Court's decision separating from Father was a "key task" required of Mother to reunify her with Children. Although the District Court found Father remained in the home, making it unsafe, the court's decision to terminate Mother's parental rights relied on her own unchanged conduct and conditions to terminate her parental rights.  While Mother was compliant with treatment plan tasks, Mother did not successfully complete her treatment plan as she failed to address the treatment plan's two identified underlying issues.  Mother continued to minimize or deny the domestic violence between her and Father and psychological

5

evaluators concluded Mother had antisocial personality traits and continued to lack empathy for her children.

¶9 Further, the District Court did not abuse its discretion in determining the conduct or condition rendering Mother unfit was unlikely to change within a reasonable time. After months of therapy and other services, Mother continued to minimize or deny any domestic violence in her relationship with Father and failed to demonstrate understanding of the higher level of care needed for her special needs Children. This, combined with Mother's difficult-to-treat antisocial personality traits and resistance to change, provided substantial evidence supporting the District Court's determination the conditions rendering Mother unfit were unlikely to change in a reasonable time. The District Court did not abuse its discretion in terminating Mother's rights.[2]

¶10 Finally, we decline to address Mother's hearsay arguments because she failed to object to the admission of the statements at trial and thus waived her objection. *See In re H.T.*, 2015 MT 41, ¶ 14, 378 Mont. 206, 343 P.3d 159.

---

[2] While we find the District Court did not abuse its discretion given the very high parenting needs of Children and Mother's inability to recognize and meet those needs, the Department could and should have been more direct and transparent in developing Mother's treatment plan to assist her in recognizing the implications of the domestic violence issues. The Department could have better informed Mother about the potential issues her continued relationship with Father could have for her reunification with Children and better prepared her for the potential she would need to be able to parent alone. Here, the Department should have directly advised Mother that choosing to stay in a relationship with Father, an abusive partner, would likely put her own parental rights at risk should Father fail to successfully address the domestic violence issues and complete his treatment plan. Her treatment plan's requirement to maintain appropriate housing with "no one residing in the home [who] is considered by [the Department] to be a threat to her children" somewhat obscured the risks to Mother's own parental rights of a continued relationship with Father.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's order was not an abuse of discretion.

¶12 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR